Filed 9/10/20  P. v. McLeod  CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>   v.<br><br>JOHN PAUL McLEOD,<br><br>   Defendant and Appellant. | D076854<br><br><br><br>(Super. Ct. Nos. SCD280820,<br>SCD281704) |

APPEAL from a judgment of the Superior Court of San Diego County, Yvonne Esperanza Campos, Judge.  Affirmed.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

### ACTUAL AND PROCEDURAL BACKGROUND

The District Attorney for San Diego County charged defendant John Paul McLeod in a consolidated information with a variety of offenses related to stealing and using credit cards, and unlawfully taking individuals' personal identifying identification (PII).  The names of the victims and facts

surrounding their victimizations are covered in defendant's brief and incorporated herein.

The consolidated information charged defendant with possessing the PII of 10 or more persons with the intent to defraud (Pen. Code,[1] § 530.5, subd. (c)(3); count 1); possession of metal knuckles (§ 21810; count 2); obtaining the PII of Suzanne and John S. and using that information for an unlawful purpose (530.5, subd. (a); count 3); possessing a forged check with the intent to defraud (§§ 475, subd. (a) & 473, subd. (b); count 4); possessing methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 5); possessing a forged driver's license (§ 470b; count 6); misdemeanor petty theft (§§ 484 & 490.5; count 7); and four counts of misdemeanor obtaining PII with intent to defraud (§ 530.5, subd. (c)(1); counts 8, 9, 10, & 11).

The information further alleged that defendant was presumptively ineligible for probation due to four prior felony convictions dating back to October 2006 (§ 1203, subd. (e)(4)); that counts 1 through 5 were alleged to have occurred between February 26 and March 1, 2019, and counts 6 through 11 were alleged to have occurred on May 9, 2019.

On July 30, 2019, the trial court granted defendant's motion to bifurcate the trial on the bail enhancement allegation.

On August 7, 2019, the jury acquitted defendant of possession of metal knuckles (count 2) and possession of methamphetamine (count 5), but found him guilty on the remaining counts. The jury in the bifurcated trial found true the allegation defendant committed count 6, possession of a forged driver's license, while released from custody on bail. (See § 12022.1, subd. (b).)

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

2

Following his conviction, the court granted defendant's motion brought pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*). New counsel was appointed from the Alternate Public Defender's office.

On November 15, 2019, defendant was sentenced as follows to six years in local custody pursuant to section 1170, subdivision (h)(5)(A): the middle term of two years on count 1; consecutive eight-month terms on counts 3, 4, and 6; a consecutive two-year term pursuant to the section 12022.1, subdivision (b) enhancement; and concurrent one-year jail terms for the remaining counts. The court imposed miscellaneous fees and assessments, but stayed an $8,400 restitution fine (§ 1202.4, subd. (b)) and a matching parole revocation fine (§ 1202.45) pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157. The court ordered direct restitution award of $55 to one named victim and retained jurisdiction to award other restitution awards.

Defendant filed a timely notice of appeal.

ANALYSIS

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, defendant's counsel has filed a brief asking that we independently review the record to determine if it reveals any issues that would, if resolved favorably to defendant, result in modification or reversal of the judgment.

To assist this court in conducting its review, counsel directs our attention to six potential issues:

1) the granting of the prosecution's motion to consolidate his two cases;

2) defendant's first preliminary hearing motion to discharge appointed counsel pursuant to *Marsden, supra*, 2 Cal.3d 118 for failing to discuss pretrial discovery more thoroughly;

3

3)  defendant's second *Marsden* motion, to discharge his counsel for failing to subpoena a witness;

4)  whether the court should have reduced counts 1 and 3 to misdemeanors pursuant to Proposition 47;

5)  whether there was enough evidence for conviction of count 1; and

6)  whether the court should have stayed counts 3 and 4.

Pursuant to counsel's request and based on applicable law including the newly decided case of *People v. Jimenez* (2020) 9 Cal.5th 53, we have examined the record and conclude there are no arguable issues which would result in modification or reversal.

Defendant has been offered the opportunity to personally file a supplemental brief on his own behalf.  He has declined to do so.

Defendant has been represented by competent counsel on appeal.

DISPOSITION

The judgment is affirmed.

BENKE, Acting P. J.

WE CONCUR:

AARON, J.

IRION, J.

4